IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ERIC DEJUAN JONES, #50222                                                   PETITIONER

VERSUS                                                       NO. 2:04CV370-KS-MTP

PETER WALKER and JIM HOOD                                   RESPONDENTS

OPINION AND ORDER

BEFORE THE COURT in this habeas corpus action is the petitioner's motion to dismiss or, alternatively, for summary judgment. Because matters outside the pleadings have been presented to and considered by this court, the motion shall be treated as one for summary judgment. Having considered the submissions of the parties and the applicable law, and being thus fully advised in the premises, the court finds that the motion should be DENIED.[1]

A summary judgment proceeding undertaken pursuant to Federal Rule of Civil Procedure 56 allows for prompt disposition of a civil action in which there exists no genuine issue as to any material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). Determination of what constitutes a material fact must be determined by reference to the applicable substantive law. *Id.* at 248. Because the instant action is one for habeas corpus review, the Antiterrorism and Effective Death Penalty Act (AEDPA) is the law that guides the summary judgment inquiry. *Smith v. Cockrell,* 311 F.3d 661, 667 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004).

By his motion, Petitioner Jones requests the same relief sought in his petition for writ of

---

[1] Jones' Motion to Dismiss or, in the Alternative, for Grant of Summary Judgment [38] is the sole matter addressed by this Opinion and Order. It is not intended as a judgment within the meaning of Federal Rule of Civil Procedure 54. Jones' Petition for Writ of Habeas Corpus shall proceed to disposition in accordance with applicable law.

habeas corpus–his immediate release. He bases his claim of entitlement to release on much the same grounds as those asserted in his petition. Although summary judgment procedures may apply "with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir. 2000), they apply only to the extent that they are consistent with established habeas practices and procedures. *Smith v. Cockrell,* 311 F.3d at 668. The United States Supreme Court has instructed that in habeas proceedings, courts may "in the exercise of their discretion...utilize familiar procedures, as appropriate, whether these are found in the civil or criminal rules or elsewhere in the usages and principles of law." *Harris v. Nelson,* 394 U.S. 286, 300 (1969). The Court has likewise observed that the "problems presented by these proceedings are materially different from those dealt with in the Federal Rules of Civil Procedure." *Id.* Rule 11 of the Rules Governing Section 2254 Cases specifies that the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 11, which is "intended to conform with the Supreme Court's approach in the *Harris* case," also "recognizes and affirms" the courts' "discretionary power to use their judgment in promoting the ends of justice." (Advisory Committee Note).

In this case, Jones' petition for writ of habeas corpus followed the Mississippi Court of Appeals' affirmance of the trial court's denial of his petition for post-conviction relief. Jones, who had pled guilty to possession of a controlled substance and been sentenced to sixteen years, argued that his guilty plea was not knowingly and voluntarily made as well as that he had received ineffective assistance of counsel. *See Jones v. State,* 904 So. 2d 1107 (Miss. App. 2005).

Under the AEDPA, "in a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. 2254(e)(1). Thus, where the

factual allegations of a state prisoner–here, Jones–have been adversely determined by findings of the state courts–here, the Circuit Court of Lawrence County and the Mississippi Court of Appeals–the presumption of correctness applies, and the facts cannot be resolved in his favor.[2]  *See generally Sumner v. Mata,* 455 U.S. 591, 597-98 (1982); *see also Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir. 2000)("The presumption is especially strong when the state habeas court and the trial court are one in the same.").  Under these circumstances, the presumption of correctness that this court must afford the state courts' factual findings overrides any otherwise applicable summary judgment rule.  *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).  Even were the motion not properly denied for this reason, the court would nonetheless decline to exercise its discretion to consider the motion's merits as it is cumulative to the petition and the "ends of justice" contemplated by rule 11 would not be served by such consideration.

IT IS THEREFORE ORDERED AND ADJUDGED that Jones' Motion to Dismiss or, in the Alternative, for Grant of Summary Judgment [38] should be, and it is hereby, DENIED.

SO ORDERED this, the 29th day of September, 2006.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[2] A petitioner may rebut the presumption of correctness but only by clear and convincing evidence.  28 U.S.C. 2254(e)(1).